PEDEREE *v.* STATE.

[67 South. 152.]

CRIMINAL LAW. *Evidence. Other offenses.*
> Where a defendant is on trial for selling and retailing intoxicating liquors, the state can introduce evidence of several sales before the finding of the indictment, it not being confined to one particular sale.

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Rosa Pederee was convicted of the unlawful sale of intoxicating liquor and appeals.

The indictment upon which appellant was tried alleged that she "did unlawfully sell and retail intoxicating liquors." Evidence of several sales alleged to have been made prior to the date laid in the indictment was introduced. It is contended by appellant that the state should have been confined to one particular instance.

*Currie & Currie,* for appellant.

In presenting our argument we call especial attention to the fact that the defendant was on trial for the "unlawful keeping of intoxicating liquors for the purpose and intention of selling same," and not for the unlawful sale of intoxicating liquors.

The state in this case was confined in its proof to the one act, that is, the keeping of the particular liquors by the defendant, with the intention and purpose of selling same. The court did not confine the state to this issue in its proof, but permitted it to open up the entire life of defendant, and to prove every act and deed of defendant, not only the prior charges or convictions of whatever kind or character but her business,

her character of work, the house and its reputation in which she lived, to all of which defendant objected.

As shown by the record, the state proved that the defendant's house had been raided at other times, and that liquors were found, and in this proof, the state was not confined to any definite period of time, neither prior or subsequent to the time fixed in the affidavit. This was clearly error. As we have stated, the state was confined under the law to the single act charged in the affidavit. In the case of *Page* v. *State,* 62 So. 360, the defendant was charged with acting as agent in the unlawful sale of intoxicating liquor. The court permitted the state, after offering proof of the particular crime charged in the indictment, to then make proof of several other charges; that is to say, permitted the state to produce several other witnesses who testified that defendant had acted as agent for them in procuring intoxicating liquors. In that case the court said: "The learned trial judge, no doubt permitted this evidence to go to the jury upon the theory that section 1762 of the Code of 1906, is applicable to this sort of case. In this we think he erred. This section is applicable only in cases where there is an unlawful sale of intoxicating liquors." This case was reversed. We have precisely the same question here. The defendant was tried for the unlawful keeping of intoxicating liquors for sale. The state was not confined to this issue, but the court under section 1762, Code 1906, permitted the state to prove other raids on the defendant's house, and other findings of liquors. The court erred in this. The section applies only where the charge is for selling, and if defendant had been on trial for a sale, then the statute would have been applicable, but as held in the case cited, it applies only to cases where a sale is charged. There is no doubt that defendant's case was seriously prejudiced in the minds of the jury by this evidence.

*Frank Johnson*, Assistant Attorney-General, for the state.

The appellant in this case was indicted in the second district of Forest county in the circuit court for unlawful retailing. The case of the state was clearly made out and established by the testimony of John Kelly, Morris Riley and Ed. Houston. The testimony for the state was positive and direct. There was testimony by Steve Brown, Becky Malone and Ed. Britton that the defendant did not sell the liquor.

The defendant then testified in her own behalf in denial of the charge. There was only one instruction granted for the state, which is as follows: "The court instructs the jury for the state that if you believe from the testimony, beyond a reasonable doubt, the defendant sold intoxicating liquors as charged in the indictment, then it is the sworn duty of the jury to find the defendant guilty."

There were no instructions asked for the defendant. Upon this testimony, and this instruction, the jury found the defendant guilty as charged in the indictment, and a fine and imprisonment were imposed on the defendant. From that judgment the present appeal is prosecuted. There is no question of law involved in the case. I respectfully submit that the judgment should be affirmed.

COOK, J., delivered the opinion of the court.

The brief for appellant in this case assumes that appellant was charged with "keeping for sale intoxicating liquors." and upon this erroneous assumption is built the entire argument for reversal.

If appellant had been charged with the misdemeanor which she evidently thinks she was, her argument might have some weight, but even this is doubtful. Unfortunately she is charged with more than keeping booze for

sale.    She is charged with selling it, and, unless she was grievously misrepresented, she was rightfully convicted in the manner and in the form prescribed by the law of the land.

*Affirmed*